## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
FRED PLUMMER,                           )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )     Civil Action No. 07-1161  (RMU)
                                        )
DISTRICT OF COLUMBIA,                   )
                                        )
            Defendant.                  )
_____)

## MEMORANDUM OPINION

### I.  Introduction

Plaintiff Fred Plummer, a prisoner in the District of Columbia jail, filed this *pro se* complaint against the defendant District of Columbia ("District") under 42 U.S.C. § 1983 for alleged Eighth Amendment violations.  The District filed a motion to dismiss or for summary judgment for failure to exhaust administrative remedies, and Plummer filed an opposition to the motion.  Because the record establishes that Plummer did not exhaust his administrative remedies before filing this action, the District will be granted summary judgment as a matter of law.

### II.  Background

The incidents giving rise to this complaint occurred in the D.C. Jail over the course of the month of May 2007, and this lawsuit was filed on June 29, 2007.  Compl. at 1-2.  The District's Coordinator of Litigation for the Department of Corrections filed a declaration stating that Plummer had not filed any formal inmate grievance relating to a request he allegedly made on June 27, 2007 for protective custody and placement in a single cell.  *See* Def.'s Mot. to Dismiss

or for Summ. J., Ex. 2 (Decl. of Sgt. Aden Bushee, Sept. 24, 2007 ("Bushee Decl.")) ¶ 3.  In an

undated statement signed by Plummer and received by this Court in December 2008, he claims

that he did exhaust his administrative remedies.  In support, he has submitted a memorandum

from the jail warden, acknowledging that on December 4, 2007, the warden had received a

grievance from Plummer, that the grievance had been misplaced, and requesting Plummer to "re-

submit your grievance so that your needs can be properly addressed."  *See* Pl.'s Response to

Order to Show Cause, appending Mem. to Plummer from Warden Wainright, Feb. 22, 2008

("Wainright Mem.").

### III.  Legal Analysis

### A.  The Prison Litigation Reform Act

The Prison Litigation Reform Act of 1995 ("PLRA") applies to "any person incarcerated

or detained in any facility who is accused of, convicted of, [or] sentenced for . . . violations of

criminal law or the terms and conditions of parole, probation, pretrial release or diversionary

program." 42 U.S.C. § 1997e(h).  The PLRA requires that before filing a § 1983 or other federal

lawsuit regarding the conditions of confinement, a prisoner must exhaust "such administrative

remedies as are available."  *See* 42 U.S.C. § 1997e(a).  "[T]he PLRA's exhaustion requirement

applies to all inmate suits about prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other wrong."  *Porter v.

Nussle,* 534 U.S. 516, 532 (2002).  "There is no question that exhaustion is mandatory under the

PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock,* 549 U.S. 199,

211 (2007).  The exhaustion requirement is not satisfied by filing an untimely or otherwise

procedurally defective administrative grievance or appeal. *Woodford v. Ngo,* 548 U.S. 81, 83

(2006).  Provided that the administrative process is capable of addressing the situation giving rise

to the grievance, exhaustion of administrative remedies is required even if the precise remedy

sought, such as damages, cannot be obtained through the administrative grievance.  *Booth v.

Churner,* 532 U.S. 731, 739 (2001); *cf. Kaemmerling v. Lappin,* Slip op. No. 07-5065, at 5-6

(D.C. Cir. Dec. 30, 2008) (concluding that where the administrative process is incapable of

providing "any relief" or taking "any action whatsoever in response to [the prisoner's] complaint,

"there is no administrative process to exhaust").  Proper exhaustion requires that the prisoner

complete the administrative review process as defined by the prison grievance process itself.

*Jones,* 549 U.S. at 218.

The failure to exhaust under the PLRA is not a jurisdictional bar, but operates as an

affirmative defense.  *Id.* at 211-12.  As such, it is properly raised on a motion for summary

judgment, where matters outside the pleadings are considered.

### B.  Summary Judgment under Rule 56

A defendant may at any time move for a summary judgment in the defendant's favor as to

all or any claims asserted against it.  Fed. R. Civ. P. 56(b).  On a motion for summary judgment,

"[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial

— whether, in other words, there are any genuine factual issues that properly can be resolved

only by a finder of fact because they may reasonably be resolved in favor of either party."

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  Summary judgment may be granted

only where the "pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Burke v. Gould,*

3

286 F.3d 513, 517 (D.C. Cir. 2002).  A material fact is one that is capable of affecting the outcome of the litigation.  *Liberty Lobby,* 477 U.S. at 248.  A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.*, as opposed to evidence that "is so one-sided that one party must prevail as a matter of law," *id.* at 252.  A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant.  *Id.* at 255.  The nonmoving party, however, must do more than simply "show that there is some metaphysical doubt as to the material facts."  Rather, the nonmovant must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(e)) (emphasis in original).  In other words, the nonmoving party must present specific facts that would enable a reasonable juror to find in that party's favor.  *Greene v. Dalton,* 164 F.3d 671, 675 (D.C. Cir. 1999).  In the end, "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

### C.  The Court Grants the Defendant's Motion for Summary Judgment

The PLRA applies to this action filed under § 1983 by a prisoner complaining about the conditions of his confinement, and in particular, incidents that occurred in May 2007.  The PLRA requires that prisoners exhaust their administrative remedies prior to filing a suit such as this one, which Plummer filed on June 29, 2007.  Here, the District has filed a sworn statement attesting that Plummer did not complete the inmate grievance process prior to filing this suit.  Bushee

Decl. ¶ 3.   While Plummer disputes the District's attestation, he does so in a conclusory manner and does not support his statements with specific facts.  The documentary evidence that Plummer submitted with his opposition to the District's dispositive motion establishes that Plummer initiated an inmate grievance that was received by the warden's office on December 4, 2007, more than five months *after* he filed this lawsuit.

The defendant's burden as the moving party may be discharged by showing an absence of evidence in support of the plaintiff's case.  *Celotex*, 477 U.S. at 325.  On this record, there is no evidence that the plaintiff exhausted his administrative remedies before filing this claim in court, and there is a sworn statement and documentary evidence to support the conclusion that Plummer did not exhaust the administrative remedies.  Bushee Decl. ¶ 3; Wainright Mem.  Therefore, the Court concludes that no reasonable juror could find that Plummer exhausted his administrative remedies prior to filing this law suit, and accordingly will grant the District's motion for summary judgment.

## IV.  Conclusion

Because the record establishes that the plaintiff did not exhaust his administrative remedies before filing suit, as is required by the PLRA, 42 U.S.C. § 1997e(a), the Court grants the District's motion for summary judgment.  A final order consistent with this memorandum opinion is separately and contemporaneously issued this 9th day of February, 2009.

RICARDO M. URBINA
United States District Judge

5